UNITED STATES of America, Plaintiff-Appellee,

v.

Calvisi DeJARNETTE, Defendant-Appellant.

No. 19270.

United States Court of Appeals, Sixth Circuit.

July 21, 1970.

John J. Getgey, court-appointed, Cincinnati, Ohio, for appellant; White & Getgey, Cincinnati, Ohio, on brief.

J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., for appellee; James H. Brickley, U. S. Atty., Detroit, Mich., on brief.

Before WEICK and EDWARDS, Circuit Judges, and KALBFLEISCH, District Judge.*

PER CURIAM.

This is a direct appeal from a conviction for assaulting United States Marshals, in violation of 18 U.S.C. § 111 (1964). Only one issue is presented, namely, that the District Court's denial of an indigent defendant's motion to obtain a copy of the transcript of his first trial, for purposes of impeachment of witnesses at his second trial, violated his due process rights.

The record shows that the request for the trial transcript of the first trial was advanced by appellant's counsel (at appellant's insistence) in the middle of the trial on appellant's contention that the witnesses at the second trial were changing their stories from those told at the first trial. There was, however, no identification of what the claimed conflict was. No effort was made to have the testimony of a particular witness read back from the notes of the stenographer. The only request was for a complete transcript, which request, if granted, would, of course, have occasioned a mistrial and a continuance.

The District Judge concluded that no sufficient showing was made before him to require this drastic remedy.

Generally, there is a broad discretion vested in the trial judge to determine the grant or denial of a motion for continuance. Particularly is this true where, as here, a jury has been chosen and witnesses have been heard. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

Both the trial judge and appellant's counsel had participated in the first trial. If there had been any material change in the witnesses' stories, it should have been possible for appellant to assert a specific conflict. We have read this transcript and find no such assertion.

Under the totality of the circumstances, we cannot conclude that the District Judge abused his discretion.

The judgment of the District Court is affirmed.

---

* Honorable Girard E. Kalbfleisch, United States District Judge for the Northern District of Ohio, sitting by designation.